## McGuire *v.* Broadway & S. A. R. Co.

(*Supreme Court, General Term, First Department.* December 31, 1891.)

**1. False Imprisonment—Evidence—Testimony of Officer.**
Plaintiff, in an action against a street-car company for false imprisonment following an arrest for alleged disorderly conduct in defendant's car, testified in chief that there were passengers in the car, and that he did not hear them complain of him. *Held,* that testimony by the officers who made the arrest that the passengers in the car at the time expressed their approval of the arrest was competent to disprove plaintiff's testimony.

**2. Same—Absent Witness.**
In such action, defendant, to excuse the absence of the driver of the car as a witness, may give evidence of its search and inquiry for the driver, and its inability to find him, he being no longer in its employ.

Appeal from circuit court, New York county.

Action by Terence McGuire against the Broadway & Seventh Avenue Railroad Company to recover for an alleged false imprisonment. Plaintiff appeals from a judgment entered upon a verdict for defendant, and from an order denying a new trial. Affirmed.

Argued before Van Brunt, P. J., and Daniels, J.

*Wales F. Severance* and *Cockran & Clark,* (*W. Bourke Cockran,* of counsel,) for appellant. *Root & Clarke,* for respondent.

Daniels, J. The plaintiff was arrested in the evening of the 29th of May, 1886, on one of the cars of the defendant, for disorderly conduct, and taken to the station-house. He was brought before the magistrate on the following morning, who discharged him, suggesting that he had been punished enough; and for that arrest and imprisonment this action was brought. The evidence given to prove his misconduct was obtained from the two police officers who made his arrest, and it tended to establish the existence of that fact at the time immediately preceding his arrest. This he denied in his own evidence as a witness, rendering the inquiry one of fact to be determined by the jury, whether he was chargeable with this misconduct or not; and, as they have found a verdict against him, they must have been impressed with the conviction that he had been guilty of this misconduct. Upon that subject the evidence presented the point in such a form as to render the verdict of the jury conclusive. The officers who made the arrest were permitted to state, over the objection and exception of the plaintiff, that the passengers in the car at the time of his arrest expressed their approval of it, stating that his conduct had been annoying and disorderly; and this exception would be clearly well taken if it had not been for the circumstance that during the examination of the plaintiff as a witness he was interrogated upon this subject. He had answered, at the instance of his own counsel, that he was making no disturbance when the policeman was called. Then the question was put to him, "Did any of the passengers make complaint at all?" and his answer was, "Not as I heard." And he further added that there were passengers in the car. This evidence, so far as it might be entitled to be credited, tended to prove the fact that the pas-

sengers had made no complaint, and to secure to the plaintiff the benefit of their omission to complain as a fact in the case. And when the defendant produced its evidence, it was competent for it to disprove what was in this manner stated by the plaintiff, and to show as a fact, if that could be done, that the passengers did complain of the plaintiff at the time referred to in his own answers. For that reason he is not in a condition legally to object to the testimony given by the officers concerning the expressed approval of the passengers in the plaintiff's arrest.

The driver of the car, which was a one-horse vehicle, was not produced as a witness on the trial, and it was to excuse the absence of this witness that evidence was given by the defendant of the inability to find the driver, who was no longer in the employment of the defendant; and the witness who was called upon that subject testified to the search and inquiry made by him, which had proved to be fruitless, for the discovery and production of the driver. This evidence was objected to as incompetent and immaterial, and an exception to its allowance was taken by the plaintiff. But the evidence was manifestly proper to avoid the imputation which might have been made with some force against the defendant, if it had not been taken, that the driver was designedly not produced as a witness upon the trial. As the evidence sufficiently supported the defense to maintain the verdict which the jury rendered, and there was no exception taken upon the trial which can properly be maintained, the result is that the judgment and order should be affirmed, with costs.